345-07/MEU
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
TOUTON FAR EAST PTE. LTD.
80 Pine Street
New York, NY 10005
Telephone: (212) 425-1900 / Facsimile: (212) 425-1901
Michael E. Unger (MU 0045)

RECEIVED JUL 0 6 2007 U.S.D.C. S.D.N.Y. CASHIERS

JUDGE MARRERO

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TOUTON FAR EAST PTE. LTD.,

     Plaintiff,

 -against-

SEAPLUS MARITIME CO., LTD.,

     Defendant.
-----------------------------------------------------------x

07 CIV. 6242 ( )

**VERIFIED COMPLAINT**

  Plaintiff TOUTON FAR EAST PTE. LTD. ("TOUTON"), by its attorneys Freehill Hogan & Mahar, LLP, as and for its Verified Complaint against Defendant SEAPLUS MARITIME CO., LTD. ("SEAPLUS"), alleges upon information and belief as follows:

  1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for breach of a maritime charter party contract. The case also falls within this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333, *et seq.* and / or the Arbitration Act, 9 U.S.C. §1 *et seq.* and /or §201 *et seq.* and this Court's federal question jurisdiction pursuant to 28 U.S.C. §1331.

  2. At all times relevant hereto, TOUTON was and still is a foreign business entity organized and existing under the laws of a foreign country, with an office and place of business at 38 Carpenter Street 04-00 Singapore 059917.

NYDOCS1/286293.1

3. At all times relevant hereto, SEAPLUS was and still is a business entity organized and existing under the laws of a foreign country, with an office and place of business at Rm. 1606, SK Richemble, 28-5 Hap-Dong, Seodaemun-Ku, Seoul, Korea.

4. On or about November 24, 2006, SEAPLUS, as disponent owner, entered into a maritime contract on an amended SYNACOMEX 90 voyage charter party form with TOUTON, as charterer, for the use and operation of a vessel to be nominated ("the charter party").

5. The charter party between TOUTON and SEAPLUS was for a voyage involving the carriage of 25,872 MT of wheat in bulk from Dalian, China to Colombo, Sri Lanka at a freight rate of $31.75/MT for a laycan of February 1 to 15, 2007. The shipper required more time to get the cargo delivered to the loadport and SEAPLUS and TOUTON amended the charter party to a new laycan of March 15 to 30, 2007 with an increased freight rate of $32.75/MT.

6. SEAPLUS subsequently nominated, and TOUTON accepted, the M/V JIN CANG as the vessel that would perform the voyage contemplated in the charter party. The agreed freight rate, as per the terms of the amended charter party, was $32.75/MT.

7. Based on the nomination and acceptance of the M/V JIN CANG, TOUTON arranged for the cargo of wheat to be ready for loading at the port of Dalian.

8. SEAPLUS, however, in breach of the charter party, subsequently advised TOUTON that it would not be able to tender the M/V JIN CANG to TOUTON on the agreed upon day at the port of Dalian and asked that another vessel, the M/V OPAL NAREE, be substituted for the M/V JIN CANG.

9. SEAPLUS, in further breach of the charter party, demanded that TOUTON pay a higher freight rate than the one contractually agreed upon by the parties, or $37.25/MT instead of $32.75/MT.

10. TOUTON, given that the cargo of wheat was ready for loading and that the market rate for freight was even higher than the one demanded by SEAPLUS, and in order to mitigate its damages, agreed, under protest and duress, to the tender of the M/V OPAL NAREE and to the higher freight rate being demanded.

11. TOUTON has performed all its obligations under the charter party.

12. As a result of SEAPLUS' breach of the charter party, TOUTON has sustained damages in the sum of $116,424.00, reflecting the overpayment of freight it made to SEAPLUS.

13. Despite due demand for payment of the sum of $116,424.00 by TOUTON, SEAPLUS, however, in breach of the charter party with TOUTON, has refused or has otherwise failed to pay.

14. Pursuant to the terms of the charter party, all disputes are subject to London arbitration, with English law to apply. TOUTON has demanded arbitration against SEAPLUS in London. TOUTON specifically reserves its right to arbitrate the merits of its dispute with SEAPLUS pursuant to the terms of the charter party.

15. This action is brought in order to obtain security in favor of TOUTON in respect to its overpayment of freight claim against SEAPLUS, including but not limited to interest, TOUTON's anticipated attorneys' fees and costs in the arbitration, all of which are recoverable as part of the Plaintiff's main claim under English law.

16. After investigation, Defendant SEAPLUS cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant or as may be held, received or transferred for its benefit at, moving through, or

being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

17. As nearly as presently can be computed, the total amount sought to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims by TOUTON against SEAPLUS includes:

(a) TOUTON's claim for overpayment of freight in the sum of $116,424.00;

(b) Interest in the amount of $35,632, calculated on the above sums at the rate of 9% per annum, compounded quarterly, for 3 years, the estimated time it will take to obtain a final arbitration award, which interest is recoverable under English law; and

(c) Legal fees, arbitrators' fees and costs that will be incurred by Plaintiff in respect to the London arbitration which are recoverable pursuant to English law and are estimated to be in the sum of $15,000 by English solicitors.

18. Based upon the foregoing, the total amount TOUTON seeks to attach in this action, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, is **$167,056.00.**

W H E R E F O R E, Plaintiff TOUTON FAR EAST PTE. LTD. prays:

a. That process in due form of law according to the practice of this Court may issue against Defendant SEAPLUS, citing it to appear and answer the foregoing, failing which a default will be taken against it for the principal amount of the claim of $116,424.00, plus interest, costs and attorneys' fees;

b. That if the Defendant cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of the Defendant as described herein, up to and including the amount of the claims of **$167,056.00** be

restrained and attached, including, but not limited to any cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due, held or being transferred to or for the benefit of the Defendant (collectively hereinafter "ASSETS") including, but not limited to such ASSETS as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, through or within the possession, custody or control of banking institutions and any other garnishees upon whom a copy of the Process of Maritime Attachment and Garnishment issued herein may be served;

c. That the Court enter an order directing Defendant to appear and respond in arbitration as required, or, to the extent an award is rendered against the Defendant, to confirm that award as a judgment of this Court; and

d. That Plaintiff have such other, further and different relief as this Court may deem just and proper.

Dated: New York, New York
July 6, 2007

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
TOUTON FAR EAST PTE. LTD.

By: _____
Michael E. Unger (MU 0045)
80 Pine Street
New York, NY 10005

## ATTORNEY VERIFICATION

State of New York    )
                    ) ss.:
County of New York  )

Michael E. Unger, being duly sworn, deposes and says:

1.  I am a member of the law firm of Freehill Hogan & Mahar, LLP, attorneys for the Plaintiff in this action. I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2.  The sources of my information and the grounds for my belief are communications from our client and documents provided by our client regarding this claim.

3.  The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within the State of New York.

_____
Michael E. Unger

Sworn to before me this
6 day of July, 2007

_____
NOTARY PUBLIC

JOAN SORRENTINO
Notary Public, State of New York
No. 01SO6067227
Qualified in New York County
Commission Expires December 3, 2009

NYDOCS1/286293.1                            6